UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'JUAN GARRETT,

      Petitioner,

v.

CASE NO. 2:09-CV-11076
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL J. KOMIVES

JOHN PRELESNIK,

      Respondent.
_____/

# REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT UNDER 60(B)(6) (docket #18)

I.    RECOMMENDATION: The Court should deny petitioner's motion for relief from judgment.

II.   REPORT:

A.   *Procedural History*

Petitioner D'Juan Garrett filed an application for the writ of habeas corpus on March 23, 2009, challenging his 2004 state court convictions for assault with intent to commit murder and felon firearm. As grounds for relief, petitioner raised six substantive grounds for relief: (1) involuntary waiver of jury trial; (2) improper denial of a corporeal lineup; (3) denial of confrontation; (4) & (5) two separate claims of ineffective assistance of counsel; and (6) newly discovered evidence. On July 29, 2010, I filed a Report recommending that the Court deny the petition on the merits. I also recommended that the Court deny petitioner an evidentiary hearing and certificate of appealability. On June 28, 2011, the Court entered an Order adopting my Report and Recommendation, denying petitioner's habeas application, and denying a certificate of appealability. On August 4, 2011, petitioner filed a notice of appeal. On November 3, 2011, the Sixth Circuit

dismissed petitioner's appeal for failing to comply with the time requirement of FED. R. APP. P. 4(a). *See Garrett v. Prelesnik*, No. 11-1971 (6th Cir. Nov. 3, 2011) (order).

On April 26, 2012, petitioner filed this motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(6). In his motion, petitioner seeks relief on two bases. First, petitioner seeks relief so that he can timely file a notice of appeal. Petitioner contends that his counsel for the habeas proceedings failed to file a notice of appeal, despite being aware that petitioner desired to appeal and informing petitioner that he would do so. Second, petitioner contends that the Court erred in applying the deferential standard of review to his ineffective assistance of counsel claims, because those claims were not decided on the merits in the state courts. Petitioner therefore asks the Court to reconsider these claims under a *de novo* standard of review. For the reasons that follow, the Court should deny petitioner's motion.

B.  *Second Petition Rule and Rule 60(b)*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Notwithstanding Rule 60(b), the habeas statutes circumscribe the conditions

under which a second or successive habeas petition may be considered. In particular, a claim which has already been adjudicated on the merits must be dismissed, a new claim may not be considered unless it relies on either a new, retroactive rule of constitutional law or new facts demonstrating actual innocence, and a successive petition may not be filed in the district court until authorization is obtained from the court of appeals. *See Gonzalez*, 545 U.S. at 529-30 (discussing 28 U.S.C. § 2244(b)(1)-(3)). Rule 60(b) applies only to the extent that it is not inconsistent with these rules governing successive petitions. *See id*. at 529 (citing Rule 11, 28 U.S.C. foll. § 2254). Generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition, *see id*. at 531-32, whereas "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. As the Court explained, "[i]f neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id*. at 533. Thus, the question is whether the Rule 60(b) motion "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," *id*. at 532. If so, the Rule 60(b) motion is the functional equivalent of a prohibited second or successive habeas petition.

Here, petitioner's second ground for relief, attacking the Court's analysis of his ineffective assistance of counsel claims, attacks "the substance of the [Court's] resolution of a claim on the merits" and "addresses federal grounds for setting aside the movant's state conviction," *Gonzalez*, 545 U.S. at 532-33. Petitioner contends that the Court erred in applying the deferential standard of review in § 2254(d), and that under *de novo* review he is entitled to habeas relief. Petitioner's claim

3

that the Court applied the wrong legal standard in analyzing his substantive claim is the functional equivalent of asserting that claim for relief a second time, and thus is prohibited by § 2244(b). *See Gattis v. Snyder*, 686 F. Supp. 2d 469, 474 (D. Del. 2010); *cf. Gonzalez*, 545 U.S. at 532 (footnote omitted) ("A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."). Thus, to the extent petitioner seeks reconsideration of his ineffective assistance of counsel claims, petitioner's Rule 60(b) motion is the "functional equivalent" of a second habeas application, and is governed by § 2244(b).

Under § 2244, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" the petitioner shows either that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and these facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Whether a successive application satisfies the exception set forth in § 2244(b)(2), however, is not for the District Court's determination in the first instance. Rather, that statute provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement transfers to the court of appeals a screening function which the

4

district court previously would have performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). Because petitioner's Rule 60(b) motion is the functional equivalent of a successive habeas petition, and because petitioner has not obtained authorization from the Sixth Circuit to file such a petition, this Court lacks jurisdiction to consider the merits of the Rule 60(b) motion to the extent it seeks reconsideration of petitioner's ineffective assistance of counsel claims. *See Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) ("§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition.").

The same does not hold true, however, for that portion of petitioner's motion seeking to reopen the time for filing a notice of appeal. That portion of the motion does not attack the Court's resolution of the merits of petitioner's claims, or raise any substantive challenge to his underlying state court conviction. Rather, the motion seeks only to reopen the time for filing an appeal in federal court, a procedural matter that has nothing to do with the validity of petitioner's conviction or the merits of petitioner's challenges to that conviction.

C.  *The Merits of Petitioner's Motion*

On the merits, the Court should conclude that petitioner is not entitled to relief from judgment so that he may file a notice of appeal. Likewise, if the Court rejects my analysis of the successive petition issue with respect to petitioner's challenge to the Court's resolution of his ineffective assistance claims, the Court should conclude that petitioner is not entitled to Rule 60(b)(6) relief on the merits.

1.  *Relief under Rule 60(b)(6) Generally*

As noted above, Rule 60(b) provides five specific scenarios justifying relief from judgment.

5

Rule 60(b)(6) further authorizes a court to grant relief from judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)[,] . . . courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (internal quotation omitted).

2. *Reopening Appeal Period*

Petitioner first seeks a reopening of the appeal period, asserting that he received ineffective assistance of counsel because his attorney failed to file a timely notice of appeal. The Court should reject this claim.

Rule 4(a) of the Federal Rules of Appellate Procedure provides that "[i]n a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). There is no question that petitioner failed to comply with Rule 4(a). Rule 4(a) goes on to provide that a district court may reopen the time to appeal in limited circumstances. Specifically, the rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). Because Rule 4(a)'s time limits are also codified by statute, *see* 28 U.S.C. § 2107(a), they are "mandatory and jurisdictional." *Bowles v. Russell*, 432 F.3d 668, 673 (6th Cir. 2005) (citing, inter alia, *Browder v. Director, Dep't of Corrs. of Ill.*, 434 U.S. 257, 264 (1978)),

6

*aff'd*, 551 U.S. 205 (2007).[1] And because Rule 4(a) is jurisdictional, "Rule 60[] does not provide an avenue to circumvent the provisions of Rule 4 and extend the time for filing a notice of appeal." *Wesley v. Israel*, 525 F. Supp. 646, 647 (E.D. Wis. 1981); *see also*, *Clark v. Lavallie*, 204 F.3d 1038, 1040-41 (10th Cir. 2000); *Poindexter v. Renico*, No. 04-cv-40029, 2010 WL 3168621, at *2 (E.D. Mich. Aug. 10, 2010) (Murphy, J.). Thus, petitioner is entitled to the relief he seeks only if he meets the requirements of Rule 4(a)(6). The Court should conclude that he cannot do so.

First, petitioner cannot show that he "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment." FED. R. APP. P. 4(a)(6)(A). Rule 77(d) provides that notice of a judgment or order must be served on a party in accordance with Rule 5(b). *See* FED. R. CIV. P. 77(d). Rule 5(b), in turn, provides that where a party is represented by counsel service may be made on the party's attorney, *see* FED. R. CIV. P. 5(b)(1), and may be accomplished by electronic means, *see* FED. R. CIV. P. 5(b)(2)(E). Here, petitioner was represented by counsel, who received electronic notice of the Court's judgment via the Court's CM/ECF system. Thus, petitioner cannot show that he did not receive notice as provided by Rule 77(d). Because plaintiff's counsel received notice in accordance with Rules 5(b) and 77(d), he may not invoke Appellate Rule 4(a)(6) to reopen the time for filing an appeal. *See Resendiz v. Dretke*, 452 F.3d 356, 362 (5th Cir. 2006); *Glover v. Herbert*, No. 01-CV-6366, 2007 WL 570184, at *4-*5 (W.D.N.Y. Jan. 25, 2007).

Second, petitioner did not file his motion to reopen the time for appeal within the earlier of 14 days after receiving notice or 180 days after entry of the judgment. *See* FED. R. APP. P. 4(a)(6)(B). Even assuming that the electronic notice provided to counsel did not satisfy Rule 77(d),

---

[1]This differs from Rule 4(b), which governs appeals in criminal cases and which is not jurisdictional. *See United States v. Randall*, 666 F.3d 1238, 1240-41 (10th Cir. 2011); *United States v. Neff*, 598 F.3d 320, 323 (7th Cir. 2010).

the Court's judgment was entered on June 28, 2011, and petitioner did not file his motion for relief from judgment until April 26, 2012, 302 days later. As the Advisory Committee notes to Rule 4 make clear, the 180-day time limit "establishes an outer time limit." FED. R. APP. P. 4(a)(6), advisory committee note, 1991 amendment. Because petitioner did not file his motion within this "outer time limit," the Court may not reopen the appeal period. *See Baker v. United States*, 670 F.3d 448, 456 (3d Cir. 2012); *Bowles*, 432 F.3d at 673.

Petitioner's arguments to the contrary are unavailing. Petitioner contends that counsel was ineffective in failing to file his notice of appeal in a timely manner and, relying on federal criminal cases allowing new appeals in such circumstances, argues that a new appeal should likewise be allowed here. This argument is without merit. First, as noted above, appeal from a criminal case is governed by Rule 4(b), which unlike Rule 4(a) is not jurisdictional. *See Randall*, 666 F.3d at 1240-41; *Neff*, 598 F.3d at 323. Thus, the time limits of Rule 4(b), unlike the time limits of Rule 4(a), are subject to extension for equitable reasons. *Cf.* FED. R. APP. P. 4(a)(6), advisory committee note, 2005 amendments ("[A]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances."). Although petitioner's habeas application challenges his underlying state court conviction in a criminal case, it is well established that a federal habeas corpus proceeding is a civil action, and thus appeals in habeas corpus actions are governed by Rule 4(a). *See Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011); *Flint v. Howard*, 464 F.2d 1084, 1085-86 (1st Cir. 1972); *McCarnes v. Dexter*, 549 F. Supp. 2d 1204, 1205 (C.D. Cal. 2008).

Second, unlike in the cases cited by petitioner, here he cannot show that counsel's failure to file a notice of appeal deprived him of his constitutional right to the effective assistance of counsel. It is well established that there is no constitutional right to counsel in a collateral challenge to a

8

conviction such as a habeas corpus proceeding, *see Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), and thus any failures of counsel cannot amount to a denial of the constitutional right to the effective assistance of counsel, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Thus, counsel's failure to timely file a notice of appeal does not provide a basis for reopening the appeal period. *See Walker v. McKee*, No. 04-40066-BC, 2010 WL 2231795, at *3 (E.D. Mich. June 2, 2010) (Luddington, J.).

In short, petitioner failed to file a timely notice of appeal, which is a jurisdictional prerequisite to the prosecution of his appeal. Further, petitioner has failed to satisfy the requirements for reopening the time for an appeal under Rule 4(a)(6), which provides the exclusive means for doing so. Accordingly, the Court should deny petitioner's motion for relief from judgment under Rule 60(b)(6).

       3.     *Resolution of Ineffective Assistance Claims*

Petitioner also seeks relief from judgment on the basis that the Court erred in applying the deferential standard of review set forth in § 2254(d) to his ineffective assistance of counsel claims, because those claims were not decided on the merits in the state courts. As explained above, this portion of petitioner's Rule 60(b)(6) motion constitutes a prohibited second petition, over which this Court lacks jurisdiction. Should the Court disagree with this conclusion, the Court should deny petitioner the relief he seeks on the merits.

Petitioner contends that because the state court denied his request to develop a factual record and denied his motion for relief from judgment pursuant to MICH. CT. R. 6.508(D), his claim was not "adjudicated on the merits" in state court and thus the Court erred in applying the deferential standard of § 2254(d)(1). This argument, however, misconstrues the actions of both the state courts

9

and this Court. It is true that in denying petitioner's applications for leave to appeal in connection with his motion for relief from judgment, both the Michigan Supreme Court and Michigan Court of Appeals utilized form orders denying the applications for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Garrett*, 482 Mich. 987, 755 N.W.2d 652 (2008); *People v. Garrett*, No. 282182 (Mich. Ct. App. 2008). As the Sixth Circuit has explained, however, this language constitutes an unexplained order, requiring a federal habeas court to "look through" the orders to see whether the trial court resolved the matter on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Looking through these orders to the trial court's opinion denying petitioner's motion for relief from judgment, it is clear that the trial court resolved the motion on the merits. The trial court's opinion does not invoke the procedural aspects of Rule 6.508(D), and discusses the merits of petitioner's underlying claims related to the newly discovered evidence. *See People v. Garrett*, No. 03-12254-01 (Wayne County, Mich., Cir. Ct. Dec. 8, 2006), at 1-2. It is thus clear that the trial court denied the motion on the merits, and not on a procedural basis apart from the merits. And this being the case, the claims were "adjudicated on the merits" for purposes of § 2254(d), even if the trial court did not fully discuss each of the claims, *see Harrington v. Richter*, 131 S. Ct. 770, 784 (2011), and even if the trial court failed to hold an evidentiary hearing, *see Lambert v. Blodgett*, 393 F.3d 943, 966-69 (9th Cir. 2004); *cf. Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011). Thus, the Court did not err in subjecting petitioner's ineffective assistance of counsel claims to the deferential standard of review set forth in § 2254(d).

Second, even if § 2254(d) were inapplicable, petitioner cannot show that the court erred in denying habeas relief on his ineffective assistance claims. While my Report set forth the general

standard of review under § 2254(d) at the outset, my analysis of petitioner's ineffective assistance of counsel claims did not rely on petitioner's failure to show that the state court's resolution of those claims was contrary to, or an unreasonable application of, clearly established federal law under § 2254(d). Rather, a review of my analysis shows that with respect to each claim I concluded that petitioner could not show either deficient performance or prejudice under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). For example, with respect to petitioner's jury trial waiver claim, I concluded that counsel was not deficient and that petitioner could not show prejudice. *See* Report & Recommendation, at 18. Similarly, with respect to petitioner's claim based on a waiver of confrontation, I concluded that there was no deficient performance because petitioner's right to confront the witness was never implicated, and that there was no prejudice because there was no evidence that the witness could provide exculpatory testimony. *See id*. at 18-19. With respect to petitioner's claim based on counsel's failure to investigate an eyewitness, I concluded that counsel's performance was not deficient because the witness's statement to the police was inculpatory, not exculpatory, and that there was no prejudice because the trial judge later found the witness's affidavit incredible and concluded his testimony would not have altered the outcome of the trial. *See id*. at 19-20. Thus, notwithstanding my general discussion of the § 2254(d) standard of review at the outset of my Report, it is clear that my review of petitioner's ineffective assistance claims was essentially *de novo*: with respect to each claim I concluded that petitioner could not satisfy the *Strickland* standard, not that the state court's application of the *Strickland* standard was reasonable.

In short, the state court adjudicated petitioner's ineffective assistance of counsel claims on the merits, and thus they were subject to the deferential standard of review set forth in § 2254(d). And, in any event, the Court's denial of the claims was based not on the standard set forth in § 2254,

11

but on petitioner's failure to show that counsel was ineffective under *Strickland*. Accordingly, petitioner is not entitled to Rule 60(b)(6) relief on this basis.

D. *Conclusion*

In view of the foregoing, the Court should conclude that it lacks jurisdiction over petitioner's Rule 60(b)(6) motion to the extent it seeks relief from judgment based on the Court's analysis of his ineffective assistance of counsel claim. Alternatively, the Court should conclude that petitioner's motion with respect to this claim is without merit. Further, the Court should conclude that petitioner is not entitled to relief under Rule 60(b)(6) in the form of a reopening of the time in which to file an appeal. Accordingly, the Court should deny petitioner's motion for relief from judgment under Rule 60(b)(6).

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 4, 2012

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of this document was sent to parties of record on May 4, 2012 electronically and/or U.S. mail.

s/Michael Williams  
Relief Case Manager for the Honorable  
Paul J. Komives